United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20321
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE ROY WILLIAMS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-48-1
---------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Willie Roy Williams appeals his convictions for possession with intent to distribute controlled substances after having been convicted of two or more felony drug offenses and use of a firearm in relation to a drug-trafficking crime. He also appeals his sentence for being a felon in possession of a firearm. We affirm.

Williams argues that the affidavit used to support the search warrant at issue contained intentionally false statements

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of his Fourth Amendment rights. The district court's suppression ruling, however, was based on a credibility determination that is supported by the record; therefore, we will not disturb it. See United States v. Casteneda, 951 F.2d 44, 48 (5th Cir. 1992). For this same reason, Williams's appeal of the denial of his new-trial motion is without merit.

Williams's challenges to the sufficiency of the evidence are equally unavailing. The evidence was sufficient for the jury to find that Williams was a joint occupant of the Chesterfield residence. Given that drugs were found in plain view on the kitchen counter and on the kitchen table at which Williams sat armed with a loaded assault rifle, the evidence also supported a finding that Williams had knowledge of, access to, and dominion and control over the contraband sufficient to support a finding of constructive possession. See United States v. Fields, 72 F.3d 1200, 1212 (5th Cir. 1996); United States v. Mergerson, 4 F.3d 337, 348 (5th Cir. 1993).

Finally, Williams's argument that he is entitled pursuant to United States v. Booker, 125 S. Ct. 738 (2005), to resentencing on his felon-in-possession-of-a-firearm conviction is predicated on the assumption that the evidence was insufficient to support his remaining convictions. Given our rejection of his sufficiency claims, we do not reach this issue.

AFFIRMED.